# IN THE COURT OF APPEALS OF IOWA

---

No. 25-1136
Filed July 22, 2026

---

**Jesse Walter Kennedy,**
Plaintiff,

v.

**Iowa District Court for Howard County,**
Defendant.

---

Certiorari to the Iowa District Court for Howard County,
The Honorable Laura J. Parrish, Judge.

---

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
WITH INSTRUCTIONS**

---

Martha J. Lucey, Appellate Defender, and Allison Linafelter, Assistant
Appellate Defender, attorneys for plaintiff.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for defendant.

---

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

Jesse Walter Kennedy appeals the district court's restitution order requiring him to pay $21,670.72 to the Crime Victim Compensation Program ("CVCP"). Kennedy argues: (1) the district court's order lacked substantial evidentiary support, and (2) the district court erred by categorizing the restitution award as pecuniary damages and finding it could not consider Kennedy's reasonable ability to pay when determining the award to the CVCP. Upon our review, we affirm the district court's evidentiary findings but reverse in part, as the district court erred by categorizing Kennedy's restitution to the CVCP as pecuniary damages not subject to a reasonable-ability-to-pay analysis.

## BACKGROUND

On May 20, 2023, Kennedy attempted to break into the home of A.S. in Cresco, Iowa. Kennedy had a knife with him at the time. During the incident, Kennedy assaulted A.S. and caused him bodily injury. The police arrived shortly thereafter and noticed the victim had sustained a stab wound to his right cheek and was bleeding heavily. The victim was then taken to Howard County Regional Health for treatment but was ultimately flown to the Mayo Clinic for further treatment.

Kennedy pleaded guilty to burglary in the third degree, going armed with intent, and assault causing bodily injury. As part of his plea agreement, Kennedy stipulated to the following factual basis:

> I admit that on or about . . . May 20, 2023, while in Howard [County], Iowa . . . without permission or authority to do so, I attempted to break into the dwelling at [victim's address]. The dwelling was an occupied structure, and I did so with the specific intent to commit a felony, theft or assault. . . . I was armed with a dangerous weapon and had the specific intent to use that weapon against another person, and while armed with the weapon I

> moved from one place to another. . . . I did an act which was intended to place the victim in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to him. I had the apparent ability to do the act. [My] act caused a bodily injury to [the victim].

Kennedy also agreed that he would have to pay some amount of restitution as part of his plea agreement but challenged the presumption of his ability to pay. He asked the "court to make a determination as to [his] reasonable ability to pay category B restitution based solely on [his] financial affidavit."

On March 6, 2025, the State filed notice with the court that the victim had filed for compensation through the CVCP, and the CVCP was processing the request. The court held a restitution hearing on May 28, where the State called Boumedien Kasha to testify. Kasha was the restitution and subrogation coordinator for the CVCP at the Iowa Attorney General's Office. Kasha explained the process the CVCP used to determine whether someone has insurance and testified that the CVCP verified that A.S. did not have insurance before it agreed to make payments totaling $21,670.72 in medical expenses on his behalf.

Kennedy also testified at the hearing and explained his financial situation to the court, including his monthly income and expenses. He testified that he could not realistically pay back the $21,670.72 requested by the State. The district court ordered Kennedy to pay $21,670.72 in pecuniary damages to the CVCP as reimbursement for the payments it made to cover the victim's medical expenses. In making its determination regarding the amount owed, the district court held that because it ordered Kennedy to pay pecuniary damages rather than category "B" restitution damages, it could not consider Kennedy's reasonable ability to pay. Kennedy now appeals.

## STANDARD OF REVIEW

"We review restitution orders for correction of errors at law." *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010).

## DISCUSSION

Kennedy asserts the district court's restitution order lacked substantial evidentiary support to impose category "B" restitution. He argues there was not substantial evidence to prove he was the cause of the victim's stab wound, and there was not substantial evidence presented showing the victim did not have insurance. Kennedy also claims the district court erred in categorizing the $21,670.72 as pecuniary damages rather than category "B" restitution, and that it should have considered his reasonable ability to pay the restitution to the CVCP.

### I.    Substantial Evidence

"When reviewing a restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (cleaned up). The State must prove Kennedy's "criminal conduct [was] the cause in fact of the loss and within the scope of liability." *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021). The State has the burden "to prove the amount of restitution by a preponderance of the evidence." *Id.* We determine factual causation with a "but-for" test:

> [T]he defendant's conduct is a cause in fact of the plaintiff's harm if, but-for the defendant's conduct, that harm would not have occurred. The but-for test also implies a negative. If the plaintiff would have suffered the same harm had the defendant not acted negligently, the defendant's conduct is not a cause in fact of the harm.

*State v. Roache*, 920 N.W.2d 93, 101 (Iowa 2018) (citation omitted). Kennedy asserts that he was not the "but-for" cause of the victim's injuries, and that nothing in the record proves he was the "but-for" cause.

Kennedy admitted to assaulting the victim while armed with a knife in his written guilty plea. Kennedy submitted A.S.'s assignment of insurance benefits to the court as an exhibit, which provided that the victim "was stabbed with a[n] approximately 9-inch knife into the right facial area." The State also submitted an exhibit that contained the victim's medical records, showing A.S. received treatment for a stab wound to his face. The record shows that the victim's injury was severe enough that he needed to be transferred to the Mayo Clinic. At the restitution hearing, the State entered a certified expense verification form from the medical providers who treated the victim. The claim payment summary shows $17,436.00 was paid to the Mayo Clinic and $4,234.72 was paid to Howard County Regional Health. Medical expense verification forms were attached and confirmed the amounts of the services.

Given these facts in the record, the victim would not have suffered the same harm but for Kennedy's acts. *See id.* In his written guilty plea, Kennedy admitted he attempted to break into the victim's dwelling "with the specific intent to commit a felony, theft, or assault." He also admitted he was "armed with a dangerous weapon and had the specific intent to use that weapon against another person." These facts show the State proved "a causal connection between the underlying crime and the amount claimed." *State v. DeLong*, 943 N.W.2d 600, 605 (Iowa 2020). Sufficient evidence was presented to support the district court's order.

Kennedy also asserts that the victim had health insurance at the time of the attack, so the CVCP should not have paid his claim for medical

expenses. *See* Iowa Code § 915.87(1)(b) (2025) (providing that compensation from the CVCP is subject to reduction from an "insurance payment or program").

Kennedy argues that one of the victim's medical forms, an "Acute Facesheet" from Howard County Regional Health, lists the victim's insurance provider as Blue Cross Blue Shield along with group and policy numbers. But this Facesheet that Kennedy submitted is one of three Facesheets attached to the minutes of testimony. Two of the Facesheets include an insurance provider with group and policy numbers and appear to be duplicative of one another, as all the information on them is identical. These Facesheets have a timestamp of 3:22 A.M. The other appears to be an updated Facesheet, with a more recent timestamp of 4:40 A.M. This updated Facesheet lists the victim's insurance provider as "Self-Pay" and lists no actual insurance provider, nor does it provide group or policy numbers. An employee of Howard County Regional Health signed the CVCP's verification form on February 24, 2025, that stated the victim did not have health insurance. This employee also left a note with the sheet stating that it "looks like insurance was not active for date of service." The State also submitted verification forms signed by both Howard County Regional Health and Mayo Clinic providers certifying that the victim did not have health insurance. Given the above facts, the State proved with substantial evidence that the victim did not have insurance when he was assaulted by Kennedy and treated by Howard County Regional Health and the Mayo Clinic.

## II.    Restitution

Kennedy argues the district court erred by categorizing Kennedy's reimbursement to the CVCP as pecuniary damages not subject to a reasonable-ability-to-pay analysis. The State does not contest this argument.

6

Iowa Code section 910.1(2) (2023)'s definition of "Category 'B' restitution" includes "the payment of crime victim compensation program reimbursements." Section 910.2(1)(a)(2) provides that "Category 'B' restitution shall be ordered subject to an offender's reasonable ability to make payments pursuant to section 910.2A." Thus, Kennedy's reimbursement is subject to a reasonable-ability-to-pay analysis. We therefore remand this issue to the district court and instruct it to determine Kennedy's reasonable ability to pay category "B" restitution based on the facts in the record.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**